Von Phul vs. City of St, Louis.

## APPEAL from St. Louis Court of Common Pleas.

---

## VON PHUL vs. CITY OF ST. LOUIS.

1. The decision of the circuit court, sitting as a jury, will not be set aside, unless the record shew that the circuit court was called on to decide some question of law, and that its decision was wrong.

Von Phul vs. The city of St. Louis.

APPEAL from St. Louis Circuit Court.

A. TODD, for Appellant.

POINTS.

1. There is no proof that the board of health ever made the order served upon the appellant, nor that it was served upon him by an authorized person.

2. The board of health had not authority to make the particular command in said order or notice.

3. The nuisance complained of was caused by the wrongful acts of the appellee.

4. It was the duty of the city to correct this nuisance.

TOMPKINS, J. delivered the opinion of the court.

This was an action commenced by the city of St. Louis, against Von Phul before the city Recorder. Judgment was there given against the defendant Von Phul; and he appealed to the circuit court, where judgment being again given against him, he appealed to this court. The cause was tried before the court without the intervention of a jury. Some evidence was given on each side. After the court had found its verdict and given judgment thereon, the defendant moved for a new trial: Because the verdict was against the evidence, and against law.

No instructions appear to have been asked of the court as to the law of the case: This court is not inclined to reverse judgments of the circuit courts in cases where those courts have expressly decided no point of law. In such case, the appeal seems to be taken rather from the verdict of the jury than the decision of the court.

In a case like this, where the court discharges the duty of a jury as well as its own peculiar duty, it seems more particularly necessary that the appellant should call on the court to decide the law arising on the facts detailed in the evidence. No such decision being made, this court feels no disposition to disturb the verdict rendered by the court sitting as a jury.

The judgment of the circuit court must then be affirmed.