PIPKIN, Appellant, v. ALLEN *et al.*, Respondents.

1. Judgment reversed because the evidence did not support or justify the finding of the facts by the court.

*Appeal from Jefferson Circuit Court.*

*Noell*, for appellant.

*Frissell*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The main question in this case arises upon the finding of the facts by the court below. The parties here claim by derivative titles from the same source—David Boyle. There appears to have been a sale of the land in controversy made by Boyle to James Anderson in 1812, or prior thereto. The plaintiff read in evidence a deed from David Boyle to William Russell, dated 23d November, 1813, and recorded in February, 1814. This deed purports to convey to Russell seven hundred and twenty arpens of land, be the same more or less, with the following recital: "That is to say, that the said David Boyle claims a settlement and improvement right of twelve hundred and twenty arpens of land, situate on Sandy creek, in the late district (and present county) of St. Louis; five hundred arpens of which have been selected by the recorder of land titles as being ratified by the laws of Congress; which five hundred arpens the said David Boyle and Jenny Boyle his wife have sold to James Anderson; the balance and remainder of said tract and claim of the land, being seven hundred and twenty arpens, situated on Sandy creek as aforesaid, which said balance of seven hundred and twenty arpens, be the same more or less, as the title thereof, or of any part thereof, is or may be eventually ratified, he (the said David Boyle) for the sum and consideration aforesaid, does by these presents grant, bargain and sell to the said Russell, his heirs and assigns, forever," &c. James Anderson died in 1812, and before the date of this deed from Boyle to

Russell. On the 28th day of February, 1814, David Boyle and his wife conveyed by their deed of that date to Adam Brown the identical land which Boyle had before sold to James Anderson. This is in proof; for the witness, Benjamin Johnston, made a memorandum of the deed from Boyle and wife to Brown, in which he states that the boundaries contained in the deed to Brown are precisely the same which were contained in an instrument of writing of Boyle to James Anderson, taken therefrom by himself (Johnston) at the request of said Boyle and Adam Brown. Brown and wife afterwards conveyed this land to Samuel Hammond. Hammond and wife conveyed to William Russell, and he to his daughter Ann R. Allen. Johnston, the witness, stated that he did not recollect of any thing being said about the cancellation of the sale from Boyle to Anderson. Said Brown was a justice of the peace, and witness understood he paid to Boyle for the land notes that had been left with him for collection. The only evidence having the least bearing on the subject of the rescission of the sale of the land by Boyle to James Anderson is that of Henry Cook, who stated that he knew Boyle and James Anderson; lived in the same neighborhood; heard the sale of the Boyle land to Anderson spoken of in the neighborhood; understood he gave a horse and cart for the land; afterwards saw the horse and cart in possession of Anderson; it was talked of in the neighborhood as a strange way to buy property; never heard of Boyle buying back the land from Anderson. Witness was a boy at that time of about seventeen years old. Sometime after this, Anderson went to St. Louis and died. Witness did not know how long, but thinks it was several months, or may be more.

The court found that Boyle did sell the land to James Anderson. The court also found as a fact that this sale was cancelled. The plaintiff's claim being derived from James Anderson's purchase, when that was found to be cancelled, the plaintiff's title was worthless — was destroyed. Then we see the importance to him of this finding. The plaintiff moved the

court to review its finding; the motion being overruled, he brings the case here.

The court below should have sustained the motion to review the finding in regard to the fact about the cancellation of the sale from Boyle to James Anderson. The evidence in this record does not justify or support that finding. When Boyle made his deed to Russell in November, 1813, the contract or sale between himself and James Anderson was manifestly in existence—in force. Anderson died before the date of that deed to Russell. How then became the contract cancelled or rescinded? The finding is not warranted in this particular by what appears to us of record. The judgment must be reversed and the cause remanded for further proceedings. We have thought it best not to say any thing about the other points in the case. In regard to the evidence of John Anderson, we can only say that the record does not show any particular objection to his testimony; the objection was a general one—nothing specific; nor was any reason or cause assigned for its rejection. This is too general; amounts indeed to nothing. The law has pointed out the method of proceeding in order to perpetuate testimony; it is necessary to follow substantially the requisitions, but we do not decide any thing in regard to the deposition. The finding of the facts upon which the plaintiff's title rested erroneously requires us to reverse and remand the cause.

The judgment below is reversed and the cause remanded; Judge Scott concurring.