GEORGE S. PLATT *vs.* HENRY C. BROWN.

The defendant sold a horse to the plaintiff, representing him to be gentle, for fifty dollars in cash and a tract of land in the state of New York. The horse proved to be vicious and unmanageable, and the plaintiff brought an action for false warranty and deceit. He alleged in his declaration the sale of the horse, and the consideration above stated, and for the purpose of proving that the consideration was paid, offered in evidence a quitclaim deed of the land by himself to the defendant, a quitclaim deed of *A* and wife to himself, and a prior tax title in *A*. The deed of *A* and wife was in the ordinary form of quitclaim deeds, and contained no reference to her contingent right of dower, and the certificate of the acknowledgment by her did not state that she was separately examined. She was living at the time in this state. The defendant objected to the admisssion of each of the quitclaim deeds. Held:—

1. That, upon the authority of *Jackson* v. *Fish*, 10 Johns., 456, the last known decision on the subject in the State of New York, a quitclaim deed was to be regarded as a good conveyance of land in that state by way of bargain and sale.

2. That although the revised statutes of New York have since provided that the statute of uses shall not be in force in that state, yet, in the absence of any later adjudication on the particular subject of such deeds, the court would consider the former case as still expressing the law on the subject.

3. That the deed of *A* and wife to the plaintiff was not inadmissible by reason of its not releasing the wife's right of dower, since that was a question only of its effect, while it clearly conveyed the husband's interest, and was admissible if it conveyed any interest whatever.

The court inclined however to the opinion that the deed was good to convey the wife's right of dower, the statute of New York providing that acknowledgments of deeds by married women residing out of the state may be made in the same manner as if they were sole, and the sole interest which the wife had to release being her right of dower.

The defendant claimed that the plaintiff could not recover unless he showed that

Platt *v.* Brown.

he conveyed the land to the defendant by a valid and operative deed, free from incumbrance, and requested the court so to charge the jury. The defendant had never offered to return the money or the deed, or to re-convey the land. The judge instructed the jury that if the defendant accepted the deed and the money at the time as performance on the part of the plaintiff, and thereupon delivered the horse to the plaintiff as performance on his own part, the fact that there was a partial failure of the consideration was no defense to the present action. Held, that this instruction was correct.

The judge further instructed the jury that, in determining the amount of damages, if they found a gross and willful fraud on the part of the defendant, they were at liberty and it would be proper for them to give exemplary or vindictive damages, and to increase the amount by taking into consideration the plaintiff's expenses in the suit. Held, that the jury might have understood from the charge, that they might properly add to the damages the entire amount of the plaintiff's expenses, without regard to the taxable costs to be recovered by him, and since the jury returned a verdict for a sum much greater than the value of the horse as he was represented to be at the time of the sale, that they probably did so understand the charge; and a new trial was granted unless the plaintiff would remit the taxable costs or such a part of the damages as would be equal to them.

ACTION on the case for a false warranty and deceit in the sale of a horse, the consideration of the sale alleged in the declaration being the payment of fifty dollars in cash and a conveyance of a tract of land situated in the state of New York.

The case was tried to the jury on the general issue, before *Carpenter, J.*

On the trial the plaintiff, for the purpose of proving the conveyance of the land to the defendant, offered in evidence three deeds of the land, the first a conveyance by the comptroller of the state of New York to Josiah Platt, under a sale for the payment of taxes, the second a quitclaim deed in the ordinary form from Josiah Platt and Anna Platt his wife, to the plaintiff, they residing at the time in this state, and the third, a quitclaim deed from the plaintiff to the defendant, given at the time of the purchase of the horse. It was admitted by the defendant that the deeds were accepted by him, with the fifty dollars in cash, as a full performance of the contract on the part of the plaintiff. It was also admitted by the plaintiff that at the time of the conveyance to the defendant the latter was not in possession of the land, that the plaintiff had no interest at that time except what he acquired by the

conveyance of Josiah Platt and wife to him, that Anna Platt was the lawful wife of Josiah Platt at the time of their conveyance and so continued till his death, which occurred shortly before the conveyance to the defendant, and that she still survived, and that her right of dower had not been released unless it was released by the operation of the deed to the plaintiff.

To the admission of the deeds, from Platt and wife to the plaintiff, and from the plaintiff to the defendant, the defendant objected, on the ground that by the laws of the state of New York they were inoperative and void, because they were only release deeds, and upon the ground that the acknowledgment of Mrs. Platt to the deed executed by her, was not in conformity to the laws of New York, because it did not appear by the deed or otherwise that she was examined separately from her husband and executed the same without fear or compulsion of her husband; and also on the ground that, at the time of the execution and delivery of the deed, she had a right of dower in the land; and that consequently the deed of the plaintiff did not and could not convey to the defendant a perfect title to the land. The court overruled the objection, and permitted the deeds to be given in evidence.

The plaintiff offered evidence tending to prove that the horse was represented by the defendant at the time of the sale to be very valuable, and that the defendant stated that he had repeatedly refused the sum of $300 for him; that the land conveyed by him to the defendant was worth at least the sum of $300; and that the horse proved to be worthless. The defendant offered evidence to prove that the plaintiff represented the deed executed by him to be a good and valid deed, and that he should not have accepted it and delivered the horse had he not supposed the same to be effectual to convey the land, and that he had no knowledge of the insufficiency of either of the deeds till the commencement of the suit. The plaintiff offered evidence to prove that the defendant at the time he received the deed made no objection to it, and that he never offered to return it to the plaintiff, or to reconvey the land, and never complained of the deeds as insufficient. The defendant prayed the court to instruct the jury

that, to entitle the plaintiff to recover, it was necessary for him to prove that at the time of the delivery of the horse to him he delivered or tendered to the defendant a deed of the land, effectual to convey the land free from incumbrance, and that the deeds were insufficient to convey such a title. The court did not so charge the jury, but instructed them as follows:

" If you shall find that the agreement was substantially as stated in the declaration, that the defendant accepted what was done under it by the plaintiff as a performance on his part, and thereupon fulfilled it on his own part by a delivery of the horse, the plaintiff is entitled to recover, provided he has proved the fraud as alleged, even though it should prove that there was a partial failure of the consideration." The court further instructed the jury "that the deed of the plaintiff to the defendant was a good and valid conveyance of the plaintiff's interest in the land."

The defendant further claimed, and prayed the court to instruct the jury, that as there was no evidence before them as to what such a horse as the defendant represented this to be was worth, they could not find for the plaintiff to recover any damages for any difference between the actual value of the horse and that of such a horse as this was represented by the defendant to be. The court instructed the jury on this point, that if they found for the plaintiff, he was entitled to recover the difference between the value of the horse as he was at the time of the sale, and the value of the horse as he was represented to be by the defendant, together with the interest on such difference from that time to the present; and that if they should find a gross and willful fraud on the part of the defendant, they were also at liberty to give, and it was proper for them to give, damages beyond a mere compensation for the actual loss or injury, as exemplary or vindictive damages, and to increase that amount by taking into consideration the plaintiff's expenses in the litigation.

The jury returned a verdict for the plaintiff for $400 damages, and the defendant moved for a new trial for errors in the rulings and charge of the court.

*Sturges* in support of the motion.

*Beardsley* and *Hollister*, contra.

HINMAN, C. J.   We think the ruling of the court below was correct in admitting in evidence the quit-claim deeds of the land in New York for the purpose of proving a transfer of the land to the defendant.   In *Jackson* v. *Fish*, 10 Johns., 456, it was held that the words " remise, release, and forever quitclaim," which were the operative words used in those instruments, will raise a use by way of bargain and sale, which by force of the statute of uses becomes operative to pass the title.   It was claimed that this could not be so since the revision of the New York statutes, because by those statutes as they now stand the statute of uses is not in force in that state. However this may be, the defendant's counsel admits that these statutes do authorize conveyances by bargain and sale, and lease and release, and he refers us to no authority showing that any alteration of the New York statutes was intended to change or has in fact changed the law as recognized in the case referred to, and until this is done it appears to us that we should be governed by the last known decision of the highest court in New York upon the subject.

Again it is claimed, that the right of Anna Platt to dower in this New York property was never legally transferred to the defendant, because the deed was not adapted to convey a future contingent interest, and therefore could only operate to convey such interest as she then had in it.   There may be some force in this argument, unless it be removed by the provisions of the statutes of New York in reference to deeds by married women residing out of the state, but we have not thought it necessary to examine the point particularly.   The objection was taken to the admissibility of the deed in evidence, not to its effect; and it was obviously admissible if any title or interest whatever passed by it.   The question is not, therefore, in this part of the case, how much the deed proved, but whether it proved anything ; and as we think it was a valid conveyance as against the husband, and passed whatever interest he had, it was of course admissible.   The acknowledgment of the deed by Mrs. Platt we are however inclined

Platt *v*. Brown.

to think is sanctioned by the statute of New York, which provides that the acknowledgment of a deed conveying land in the state of New York by a married woman residing out of the state, may be made in the same manner as if she were sole. 3 Rev. Stat. of New York, p. 53, § 35. It is not denied that the acknowledgment of the husband was good by the laws of New York, consequently the same acknowledgment by the wife would be good were she sole; and if the statute applies to a case like this, where the wife signs the deed for the purpose of releasing her dower, which was her sole interest in the land released, as we incline to think it does, it makes her acknowledgment as good as it would be if she were sole, and gives the same effect to the conveyance.

But the principal question in the case arises on the refusal of the court to charge the jury as requested by the defendant, that, to entitle the plaintiff to recover, it was necessary for him to prove that, at the time of the delivery of the horse to him, he delivered or tendered to the defendant a deed of the land, operative and effectual to convey to the defendant the land free from all incumbrance, and that the deeds were incompetent and insufficient to convey such a title. The court not only refused so to instruct the jury, but on the contrary charged them that, if they found the contract was substantially as stated in the declaration, and the defendant accepted what was done under it as performance on the plaintiff's part, and thereupon fulfilled the contract on his own part by a delivery of the horse to the plaintiff, the plaintiff was entitled to recover, provided he had proved the fraud alleged, even though it should appear that there was a partial failure of the consideration. It appears to us quite obvious that if this is not the law in respect to cases situated as this was, it would be impossible to do justice between such parties in an action at law. The plaintiff had parted with his land together with a considerable sum of money for the horse, in the value of which he seems to have been grossly deceived and defrauded; and the deeds being, as we think, good to transfer all the interest in the land, except perhaps Mrs. Platt's contingent right of dower therein in case she should survive her husband, if the de-

fendant's claim is correct, he has the right to retain the money and such interest as the deeds conveyed to him, without any liability to respond in this action for his fraud in the sale of the horse. Had he chosen not to complete the sale, or had he offered to return the money and re-convey any interest acquired by the deeds, the equity of his claim would be much more apparent. But surely he ought not to be allowed to retain the consideration for the sale of his horse without being himself responsible for his frauds in the sale. The jury of course found the contract stated in the declaration to have been executed by both parties. As the money was paid by the plaintiff, and such interest as he had in the land was passed to the defendant, the case is in this respect like an action for the price of goods sold, or on a bill or note given for such goods, where the party does not repudiate the contract, but retains the goods. In such case he must at least pay the value of the goods. The sale of the horse was not only an executed contract, but the defendant still continues to affirm it by retaining the consideration. But he can not affirm the contract for the purpose of retaining the consideration, and disaffirm it for the purpose of avoiding the consequences of his own fraud. We think, therefore, that the court charged the jury correctly upon this point.

But the defendant complains of the charge of the court on the subject of damages, and we are inclined to think that the rule of damages was laid down without such qualifications as ought to have been stated in order to prevent the jury from misapprehending it. It is true that in actions of this sort, where the plaintiff recovers on the ground that he has been made the victim of a gross and willful fraud, the jury are at liberty to give, and the course of our decisions has been rather to encourage them in giving, what are sometimes called vindictive or exemplary damages. And there is no doubt that the expenses of the litigation may properly be considered by the jury, as coming within this description of damages. The object intended in these cases is to give the plaintiff a full indemnity for his injury, which, as was remarked in the case of *Bushnell* v. *Lindsley,* 15 Conn., 237, every client knows is

Platt *v.* Brown.

never done in the taxation of the legal costs in the case. What was said in respect to interest on the difference between the value of the horse as he was, and his value had he been what he was represented to be, was well enough in the connection in which it was said. Still it is quite obvious that in a technical sense he was not entitled to it as interest, but only as an item to be considered in the estimate of those general damages which are intended as an indemnity to a plaintiff for the injury he has sustained. And it seems to stand, therefore, on the same footing with the expenses of the litigation over and above the taxable costs in the case. The whole charge in respect to the damages, while it follows very nearly the language that may be found to have been used in some one or more of our decisions, was still, as we think, so artificially put to the jury as a whole, as to be calculated to enhance the damages to the full extent at least which is by law allowable. Still it was undoubtedly a case where a gross fraud had been perpetrated, and we can not say that the jury were in fact misled except in respect to the last clause of the charge, in which they were told that they might increase the amount of exemplary or vindictive damages, by taking into consideration the plaintiff's expenses in this litigation. Taking this instruction in connection with the whole charge on the subject of damages, without any qualification whatever, we are inclined to think that the jury may have understood that it was their duty to make and allow to the plaintiff an estimate of all the expense which he had incurred in the litigation, without any reference whatever to the taxed costs in the case. And when we consider the large sum which was recovered, beyond even the full value of the horse as he was represented at the time of sale, we are inclined to think that the charge must have been understood as substantially instructing the jury to estimate the plaintiff's whole expense in the litigation, without reference to any taxation of costs in the case, and to add it to the damage they had before been instructed or authorized to give. If we are correct in this, the defendant must have suffered to the extent of the taxable costs at least. We therefore advise the superior court to grant a

new trial, unless the plaintiff will remit all the taxed costs in the case, or such portion of the damages recovered as will be equal thereto.

In this opinion the other judges concurred.