Heyneman v. Garneau.

HENRY HEYNEMAN, Respondent, *v.* JOSEPH GARNEAU, Appellant.

*Practice—Verdict.*—Verdict set aside, there being no evidence to support it.

*Practice—Costs.*—Appellant required to pay costs in appellate court, although successful, on account of the trifling amount for which the appeal was taken.

*Appeal from St. Louis Law Commissioner's Court.*

Action on account for seventy-five dollars for services in bread shop of defendant three weeks. Suit before a justice, and judgment for twenty-four dollars and fifty cents. Appeal by plaintiff to the Law Commissioner's Court. Plaintiff called John Wearen, who testified that he knew the parties; that "plaintiff was salesman for Garneau for three weeks. He came in the morning generally at 4 o'clock, and was there till 8 o'clock, selling bread and keeping the account of the bread which went out of the shop. He rendered a daily account to Garneau." On cross-examination he said : "I drove around the bread for the defendant. I suppose my services worth as much as plaintiff's, and I got thirty-five dollars per month. He kept his account in a memorandum book. He did not keep open all day Sunday."

Plaintiff then called B. A. Pratt, jr., who testified that he knew the parties, and that he presented this claim to Garneau, who said he would be willing to pay plaintiff at the rate of fifty dollars per month and no more, and that he presented the claim as plaintiff's attorney. Plaintiff next called Jacob Fritschle, who testified as follows: "I have been a baker for six years. I think such services worth about thirty-five dollars per month. I paid Heyneman, while in my employ, seventy-five dollars per month. I now employ a boy, pay him ten dollars a month, and also his board for the same services. He also keeps an account of the bread given out." Plaintiff also called William Marshall, who testified—"I was myself general book-keeper for the defendant when Heyneman worked for him. Heyneman did not do the work of

a book-keeper, in my opinion." (Defendant here admitted plaintiff was a good book-keeper, and plaintiff rested.)

Defendant then called Charles Holmes, who testified: "I am a baker, in the same busines as Mr. Garneau. I suppose a boy might be employed at twenty-five dollars a month to do such services as plaintiff performed in the ordinary hours. Cannot say how much this extra labor is worth. From twelve to fourteen hours is the usual day's work in such business."

Defendant then rested his case. This was all the evidence in the case.

The jury found for plaintiff and assessed the damages at fifty-six dollars and twenty-five cents. The plaintiff filed a *remittitur*, six dollars and twenty-five cents, so as to leave the judgment at fifty dollars.

*Lucien Eaton*, for appellant.

I. Where the measure of damages is fixed by law and there is no evidence to support the verdict, a new trial will be granted. (9 Yerg. 270 ; 24 Mo. 520.)

II. Where the measure of damages is fixed by law and the verdict is against all the evidence, the verdict will be set aside. (14 Geo. 118.)

III. The *remittitur* concedes that the verdict should not stand, but does not cure its defects. On the testimony plaintiff could have had a verdict for $24.50, ( $\frac{21}{30}$ of $50,) the amount of the judgment before the justice.

Garneau was willing to settle without suit for $50 per month. This would have given plaintiff $35, ($\frac{7}{10}=\frac{21}{30}$ of of $50,) but this offer was refused, and plaintiff preferred to stand on the value of his services. The fact that Fritschle had paid plaintiff at some previous time $75 per month had nothing to do with the case. The jury were to pass on the current value of the services. It was malicious misconduct in them to give plaintiff one hundred and twenty-five per cent. more than his own witnesses proved his services to be worth. The *remittitur* leaves the judgment more than double

what it should be. The judgment of the court below ought to be reversed. Verdict contrary to or against the weight of evidence. (Gibson v. Hill, 23 Texas, 77; Sylehart v. Downs, 19 Texas, 243; Easterling v. Power, 12 Cal. 88; Jourdan v. Reed, 1 Clarke, Iowa, 135; Cook v. Jones, 28 Geo. 589; 14 Geo. 118.)

*C. C. Carroll*, for respondent.

I. The appellee comes, and for argument, simply refers to the evidence of Mr. Jacob Fritschle, and says

II. I do not know what the counsel for the appellant means when he speaks of "the measure of damages being fixed by law." I know of no law fixing the measure of damages in this case.

He might as well have filed the multiplication table as to cite 9 Yerger in this case.

This court will not pass upon evidence.

BATES, Judge, delivered the opinion of the court.

In this case there was no evidence to support the verdict for the amount for which it was given. The judgment will therefore be reversed, and a judgment entered here for the proper amount; but as the appeal was on account of an error which affected the appellant in a very trifling sum, the costs will be awarded against him.

Judgment reversed, and judgment entered here for the sum of thirty dollars, and judgment against the appellant for the costs of this court. Judges Bay and Dryden concur.