KUHN v. WEIL *et al., Appellants.*

1. **Practice:** ADMISSIONS IN THE PLEADINGS: EVIDENCE. A party cannot avail himself of evidence in conflict with admissions contained in his own pleadings.

2. **Partnership:** PARTNER'S LIABILITY FOR TORTS OF CO-PARTNER IN THE BUSINESS. A partner has authority by reason of the partnership relation, and without the express assent of his co-partners, to sue in the name of all the co-partners for the recovery of a partnership debt; and if the suit be by attachment, and goods of a stranger are wrongfully seized by order of one, all the co-partners will be liable.

3. **Bona Fide Purchaser:** ESTOPPEL. If creditors enter into a composition agreement with their debtor and sign a receipt for the agreed amount, and a third party, relying upon this, in good faith advances money to the debtor to enable him to settle with his creditors, and in consideration of the advances, receives a transfer of property from the debtor, the transfer will be valid as against the creditors, though they are in fact never paid. This is not upon the principle of estoppel, but because the transferee is a *bona fide* purchaser.

*Appeal from St. Louis' Court of Appeals.*

AFFIRMED.

*J. M. & C. H. Krum* and *C. F. Moulton* for appellants.

*John McGaffey, T. A. & H. M. Post* and *L. A. Steber* for respondent.

1. Defendants were estopped from setting up the fact of a partial levy by reason of their answer itself, whereby it is admitted in terms that under their writ the sheriff did attach and seize upon the property described in the petition. Herman on Estoppel, § 343; *Vandervoort v. Smith,* 2 Caines 155; Greenleaf Ev., §§ 27, 205; 1 Phil. Ev., 454, note 129.

2. No clearer case of a confederated plan carried out in concert to seize the whole stock and divide the proceeds could be established by testimony. It was in evidence on both sides without any conflict that the defendant, Jo-

seph Weil, concerted and co-operated with the others of Massman's attaching creditors in swearing out the several writs of attachment; that in pursuance of such concerted action, Joseph Weil, with the other creditors, employed the same attorney to bring the suits, and procured the same officer to make the levies; that the levies were made one after another as fast as the papers could be prepared, on the 9th day of November, 1871, between the hours of nine and a half and eleven a. m.; that by virtue of these levies and after they were all made, the goods were seized, carried away and sold, and the proceeds of the sale divided among the attaching parties; that one of these writs was sued out in favor of the defendants Weil; that this was levied upon all the goods; that Joseph Weil personally gave the deputy sheriff directions in regard to the seizure. Under these circumstances the Weils are liable for the whole damages. In trespass all are principals, and those who direct a trespass or assent to it for their benefit, are equally liable with those who commit it; nor is it necessary that a party should actually participate in the act of seizing and removing the property; if he directs or assents to the trespass, as by directing the sheriff to levy upon the property, he is liable. *Canifax v. Chapman*, 7 Mo. 176; *Page v. Freeman*, 19 Mo. 423; *Allred v. Bray*, 41 Mo. 487; *McMannus v. Lee*, 43 Mo. 208; *Murphy v. Wilson*, 44 Mo. 322; *Perrin v. Claflin*, 11 Mo. 14; *McNeeley v. Hunton*, 30 Mo. 332; Bliss Code Plead., § 82; 1 Chitty Plead., 85, 87, 185; Cooley Torts, p. 135; *Goetz v. Ambs*, 27 Mo. 32; *Dameron v. Williams*, 7 Mo. 141; 2 Greenleaf Ev., § 621; *Mandlebaum v. Russell*, 4 Neb. 351; *Berry v. Fletcher*, 1 Dill. 67; *Smith v. Felt*, 50 Barb. (N. Y.) 612; *Lewis v. Johns*, 34 Cal. 629; *Berry v. Kelly*, 4 Rob. (N. Y.) 106; *Eddy v. Howard*, 23 Iowa 183; *Stone v. Dickinson*, 5 Allen 29; *Ously v. Hardin*, 23 Ill. 403; *McCarron v. O'Connell*, 7 Cal. 152; *Carney v. Reed*, 11 Ind. 417; *Bard v. Yohn*, 26 Pa. St. 489; *Ellis v. Howard*, 17 Vt. 330; *Brewster v. Gauss*, 37 Mo. 518.

3.   Plaintiff's instruction number 5, to the effect that

if Kuhn made his advancements on the faith of the com-
position papers and receipts signed by the Weils, the latter
were estopped from setting up any claim to the goods, was
properly given. *Garnhart v. Finney*, 40 Mo. 449; *Chou-
teau v. Goddin*, 39 Mo. 229; *Taylor v. Zepp*, 14 Mo. 482;
*Newman v. Hook*, 37 Mo. 207; *Bunce v. Beck*, 46 Mo. 327;
*O'Shea v. Collier White Lead Co.*, 42 Mo. 403; *Smith v.
Owens*, 21 Cal. 11; *Hodgson v. Wightman*, 1 Hurlst. & Colt.
810.

HENRY, J.—This is an action originally against Joseph
and Max Weil, and other defendants, for unlawfully seiz-
ing and converting to their own use a stock of goods, the
property of plaintiff, alleged to be of the value of $11.000.
The suit was dismissed as to all the other defendants, and
Joseph and Max Weil filed their answer, denying gener-
ally the allegations of the petition, and alleging specifically
the seizure of the goods as the property of one Massman,
by the sheriff of St. Louis county, under an attachment in
their favor against said Massman, and that before the at-
tachment was issued, Massman, in order to defraud his
creditors, executed a bill of sale of the goods in controversy
to the plaintiff, and that defendants were creditors of said
Massman. There was a replication denying the alleged
fraud, and on the issues thus made, there was a trial which
resulted in a verdict and judgment for plaintiff, which, on
appeal to the court of appeals, was affirmed, and defend-
ants have prosecuted an appeal to this court.

One of the principal questions discussed in the brief of
appellants' counsel cannot be considered on its merits. It
1. PRACTICE: ad-  is settled by the pleadings. The seizure of
missions in the  the goods is admitted by the answer, and all
pleadings: evi-
dence.           the evidence tending to show that the prop-
erty had been previously seized under other attachments
issued at the suit of other creditors, was inadmissible under
the pleadings, and if defendants desired to avail themselves
of such defense, they should have amended their answer.

They admit and justify the seizure under their attachment, and cannot now be heard to say that their answer is untrue.

We might dispose of this cause by simply adopting the opinion delivered by the court of appeals, but will notice briefly one of the points made in the brief, because so strenuously urged upon our attention.

By the second instruction the jury were told that plaintiff was entitled to recover in this action against the defendants, or either of them, who authorized or sanctioned such seizure. The defendants were Joseph and Max Weil, partners in business, and the attachment suit, under which the goods were seized, was instituted by the firm, or by Joseph Weil in the name of the firm, on an indebtedness to the firm ; and the institution of such a suit by one of the co-partners is within the scope of his authority. For such torts as are committed by one partner, in the course of the business of the partnership, all are liable, although the others may not have expressly assented to the act. Story on Part., § 166. Each partner is a general agent for the other as to all matters within the scope of the partnership dealings, and has all necessary authority to carry on the partnership and do such things as are usually done by partners, in the business they are engaged in. Story on Part., § 101. Under this general authority, the right of one partner in a mercantile firm, without consulting his co-partners, to sue in the name of all the co-partners for a debt due the firm, either in an ordinary action, or one in attachment, cannot be questioned, and it is a logical conclusion from the elementary doctrines announced by Story, and well sustained by the authorities, that all the co-partners are liable to any one whose goods have been wrongfully seized under such attachment by the direction of the partner instituting the suit.

If the defendants were strangers to each other, and were sued for a joint trespass, and such an instruction as the one complained of were given, it might be open to the

2. PARTNERSHIP: partner's liability for torts of co-partners in the business.

criticism made by defendants' counsel; but under the circumstances of this case, the words "authorized" or "sanctioned" required no explanation, because the only evidence of authority for, or sanction of, the seizure given by Max Weil was the institution of the suit by Joseph, and the direction given by him to the sheriff to levy the attachment on the property in question. If the jury could have been misled by the instruction, to take anything else as an authorization or sanction of the seizure by Max Weil, it could not have prejudiced the defendant Max, because the existence of the partnership, the institution of the suit for a partnership debt, and the direction by Joseph Weil to the sheriff to make the seizure, are clearly established by the evidence, and fully warranted the jury in finding that both the defendants authorized and sanctioned the levy. For these reasons, and those given by the court of appeals in its opinion delivered herein, the judgment is affirmed. All concur.

### On Motion for Rehearing.

HENRY, J.—This court did not place "its chief reason for an affirmance of the judgment below on the ground of the admission of appellants in the amended answer, of the seizure of all the property mentioned in the petition." We did say that this admission precluded them from controverting the fact; but the affirmance was, also, expressly based upon the grounds stated in the opinion delivered by the court of appeals, among which will be found the following: "There was abundant evidence from which the jury might find that defendants Joseph and Max Weil, acting in concert with their co-defendants, directed the sheriff to seize, and that the sheriff did, by their direction, seize and sell as the property of Massman, goods which the plaintiff had bought, which he then owned, and in which Massman had no interest whatever. There was unity of interest and of action on the part of all these attaching

creditors; there was no contest or controversy as to prior-
ity; but they would seem, from the evidence, to have been
all principals in one joint trespass, directing and managing
it together for a common purpose, except as to Max Weil;
and as to him there was evidence that he assented to the
transaction for his benefit, and received a share of the pro-
ceeds of the sale of the goods." The evidence fully war-
ranted the above remarks of the court of appeals. The
goods were all seized, and Joseph Weil, acting for his firm,
was in at the beginning, directing the seizure of the goods,
and he and Max received their proportion of the proceeds
of the sale.

The fifth instruction for plaintiff declared, that if de-
fendants signed the composition agreement, agreeing to
3. BONA FIDE PUR- receive twenty-five per cent in full of their
CHASER: estoppel. claim against Massman, and signed a receipt
for that amount, which, with the composition agreement,
was shown to plaintiff, who, relying upon the settlement
evidenced by such papers, in good faith advanced money
to Massman to enable him to settle with his creditors, and
in consideration of such advancement, Massman transferred
to him the stock of goods in question, defendants are es-
topped from claiming the goods against plaintiff. If the
facts mentioned in that instruction existed, the plaintiff
was a *bona fide* purchaser; and proof of these facts con-
clusively disproved the alleged fraud, and the court might
properly have instructed the jury, that, if they so found
the facts, their verdict should be for plaintiff. The facts
did not create a technical estoppel, and the use of that
term was inaccurate; but as the result, if those facts were
found, and the instruction had been as it should have been
framed, could not have been different, by reason of such
difference in the instruction, we cannot, for that verbal in-
accuracy, reverse the judgment. On those facts, defend-
ants had no right to enforce payment of their debt against
these goods, although, in fact, the twenty-five per cent
stipulated for had not been paid. So far as plaintiff and

defendants in this suit are concerned, the case stood precisely as if it had been paid, in which event they would have had no demand against Massman. Certainly if defendants signed that composition agreement, and executed a receipt for twenty-five per cent, in full of their demand against Massman, on the faith of which plaintiff honestly bought the goods, the purchase thereof by the plaintiff of Massman could not have been fraudulent as between plaintiff and these defendants, and evidence of such facts was admissible on that issue. The cases and authorities cited in support of the proposition, that an estoppel must be pleaded if a party would avail himself of it, have no application. The instruction does not ignore the other issues in the case, and if "decisive of the case," it can only be because the evidence clearly established the facts upon which it was predicated. The motion is overruled. All concur.