Kelly v. Valentine.

# R. H. KELLY
## v.
## EZRA G. VALENTINE.

1. SUFFICIENCY OF DECLARATION.—The court is of opinion that the declaration is sufficient, especially after verdict, with such intendments in its favor as must be indulged in.

2. MEASURE OF DAMAGES.—The measure of damages in an action on the case for fraud and deceit in case of a sale is not one of compensation merely, but exemplary damages may be given.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed October 22, 1885.

Mr. FRANK BAKER, for plaintiff in error.

Messrs. FLOWER, REMY & GREGORY and Mr. H. K. TENNEY for defendant in error.

BAILEY P. J. This was an action on the case, brought by Valentine against Kelly, Thomson, Oviatt and Southworth,

to recover damages for fraud and deceit in the sale by the defendants to the plaintiff of five hundred shares of the stock of an alleged incorporated company, called the Ruby Land and Mining Company. The plaintiff subsequently dismissed his suit as to Oviatt and Southworth, and on trial the jury found the defendants guilty, and assessed the plaintiff's damages at $1,500, for which sum and costs the plaintiff had judgment. The record contains no bill of exceptions, consequently no portion of the evidence, and none of the rulings of the court at the trial are before us. The only question raised is as to the sufficiency of the declaration to sustain the verdict.

But two points are made, viz.: 1, that the declaration is not sufficient to warrant any recovery, and 2, that the damages are larger than the plaintiff is entitled to recover under the averments of the declaration.

We think the declaration is sufficient, especially after verdict. The objection urged is, that the representations set out, and which are alleged to have been false and to have been relied upon by the plaintiff, were immaterial, or were mere matters of opinion. In this we think counsel is in error. They were, with the exception of some few matters which may be disregarded, representations of matters of fact which were material, and which were well calculated, in a transaction like the one in question, to deceive and mislead the plaintiff. The sufficiency of the declaration was not questioned by demurrer, and now, after verdict, with such intendments in its favor as must be indulged in, we see no tenable ground of objection to it.

As to the other point raised, it is true the averments of the declaration do not show an amount of actual damages equal to the verdict. It is alleged that the shares of stock purchased by the plaintiff were nearly or quite worthless, and that he paid therefor $300 in money, and four checks on the First National Bank of Chicago, payable to the order of Kelly, one for $500, one for $200 and two for $250 each, and that said $500 check was paid to Kelly by the bank in cash. Nothing is alleged as to what had become of the three remaining checks, nor is it shown that they were ever paid, or that

the plaintiff ever had money in the bank to pay them. So far as appears, those checks still remain in Kelly's hands unpaid and unpresented. It is difficult to see how the plaintiff's actual damages, as shown by the declaration, can exceed $800. If, then, the plaintiff must be confined in this case to actual compensatory damages, the verdict is manifestly too large.

We can not say, however, that he was not entitled to exemplary damages. The declaration charges the defendants with conspiring and agreeing together, with the fraudulent intent, wrongfully and wickedly to obtain money and other property from the plaintiff by false pretenses, and in pursuance of such conspiracy and agreement, with such wrongful and wicked intent, requesting the plaintiff to purchase of said Kelly said shares of stock, making to him in relation thereto the said false and fraudulent representations, and thereby inducing him to purchase said stock.

As the evidence is not before us, it will be presumed in support of the verdict that all evidence which would be admissible under these averments was received, and before we can hold that the jury were not warranted in awarding exemplary damages, we must hold that no possible case could have been made under the pleadings which would authorize such damages. In other words, it must be held as a matter of law, that exemplary damages are never recoverable in cases of willful and deliberate fraud, followed by actual damage.

The only case to which we are referred in which it is held that the measure of damages in cases of fraud is one of compensation merely, and not punitive, is Lane v. Wilcox, 55 Barb. 615. This was a decision of an intermediate appellate court, and we have, on the other hand, several decisions of courts of last resort, where the contrary doctrine is held. Thus, Plat v. Brown, 30 Conn. 336, was an action on the case for false warranty and deceit in the sale of a horse, and the court held, "that in actions of this sort, where the plaintiff recovers on the ground that he has been made the victim of gross and willful fraud, the jury are at liberty to give, and the course of our decision has been rather to encourage them in giving, what are sometimes called vindictive or exemplary

damages." In the case of Oliver v. Chapman, 15 Texas, 400, which seems to have been an action for fraud and deceit in procuring a conveyance from the plaintiff of certain lands, the court say: "It has been settled by the repeated decisions of this court, that in actions of this nature the jury may give exemplary damages." So in Nye v. Merriam, 35 Vt. 438, it is held that exemplary damages are allowable in an action on the case for deceit, when the evidence tends to show that the defendant willfully proposed to deceive and defraud the plaintiff. See, also, Bryam v. McGuire, 3 Head, 529; 3 Sutherland on Damages, 598.

The preponderance of authority seems to be in favor of allowing the recovery of such damages in cases of this character, and in the absence of the evidence, we are unable to say that the damages awarded by the jury are excessive.

As we find no error in the record the judgment will be affirmed.

Judgment affirmed.