## WILSON v. ALBERT et al., Appellants.

1.  **Mortgage**: PRESUMPTION OF PAYMENT. A mortgage will be presumed to be satisfied after the lapse of twenty years, nothing to the contrary appearing.

2.  **Deeds**: EVIDENCE: STATUTE. Defects in acknowledgments of deeds offered in evidence held cured by the provisions of Revised Statutes, sections 2305, 2306.

3.  **Wife's Land**: CONVEYANCE BY HUSBAND: MARRIED WOMAN'S ACT. Cases in which the wife is seised of land, as at common law, and where she is seised under the married woman's act, are not analogous in their incidents and consequences. In the former class of cases the husband is as unfettered in his conveyance of whatever interest he has in the wife's land as he was at common law; in the latter class he can convey only in the mode pointed out by the statute. Revised Statutes, section 3295.

4.  ——: ——: EJECTMENT: RECOVERY PRO TANTO. Where plaintiff was seised of two-fifths of the title to the premises, absolutely, it would authorize a recovery in ejectment *pro tanto*. And where he became entitled to whatever marital interests the respective husbands of the *feme covert* owners possessed in three-fifths of the land, this, in connection with the two-fifths, would authorize a recovery of the whole tract.

5.  **Quit-Claim Deed**: WORDS OF CONVEYANCE. A quit-claim deed simply employing the words "remise, release and forever quit-claim," contains sufficient operative words of conveyance.

6.  **Practice in Supreme Court**: VERDICT WITHOUT EVIDENCE TO

SUPPORT IT. While the Supreme Court will not weigh the evidence in law cases, yet it will interfere where there is no evidence to support a verdict, although no instructions are asked.

7. ———. The Supreme Court will also review the action of the trial court, where exceptions are saved on points of law, other than the giving or refusing of instructions.

8. Evidence: DECLARATIONS OF ONE IN POSSESSION OF LAND. Declarations of one in possession of land are competent to prove the character of such possession ; and when made in disparagement of the title of the declarant, are admissible not only against the latter, but also against those claiming in privity with him.

9. ———. A party will not be allowed to introduce evidence contradicting his own pleadings.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. HAMILTON G. WILSON, Judge.

AFFIRMED.

*Thoroughman & Valliant* for appellants.

(1) The trial court erred in admitting in evidence the certified copy of the paper purporting to be a deed from Joseph Andrews and wife to David Bryant, dated February 3, 1819. The acknowledgment is not certified under the seal of a court, and there is nothing to show that it was certified by any officer. (2) The court also erred in admitting in evidence the letters of administration from the county court of Jefferson county to Chas. S. Rankin, on the estate of David Bryant, deceased. (3) Of the five heirs of David Bryant, four were married women, and the acknowledgment of three of them was utterly in disregard of the requirements of the statute, it not appearing that they were made acquainted with the contents of the instrument, or that they acknowledged the deed separate and apart from their husbands. Their titles, if any they had, being only legal titles, the deeds, as to them, were void. *Bagby v. Emberson*, 79 Mo. 139 ; *Wannell v. Kem*, 57 Mo. 478.

But if this objection, so far as the deed from David Bryant and others goes, is met by saying that the deed, though invalid as to the titles of the married women, yet was competent to pass the title of David Bryant and Elizabeth Warner, two of the heirs, whose acknowledgments were sufficient, what shall be said of the deed from Drury, and Morrison and wife, since Mrs. Morrison is the only one of the grantors in that deed who, it is pretended, had any title? (4) The plaintiff was not entitled to recover on his own evidence. The only words of conveyance contained in the deeds from the Bryant heirs to plaintiff, were "remise, release, and quit-claim." These words, unaccompanied by livery of seizin were insufficient to pass title. *Porter v. Perkins*, 5 Mass. 236 ; *Warren v. Childs*, 11 Mass. 222 ; *May v. Libby*, 12 Mass. 343 ; 3 Wash. on Real Prop., 379, 380. (5) If entitled to recover at all the plaintiff should have recovered only two-fifths of the property, that is, the interests of David Bryant and Mrs. Elizabeth Warner. *Wannell v. Kem*, 57 Mo. 478 ; *Bagby v. Emberson, supra*. (6) The finding and judgment should have been for the defendants, for the evidence showed open and notorious adverse possession in defendants themselves for more than ten years next before the filing of this suit, and through their grantor, Frank, for more than twenty-five years.

*R. H. Whitelaw* and *Wilson Cramer* for respondent.

(1) The deed from Joseph Andrews to David Bryant, dated February 8, 1819, was properly admitted in evidence. The certificate of acknowledgment was sufficiently certified to. R. S., secs. 2332-3. Besides being thirty years old proof of its execution was not required. *Crispen v. Hannovan*, 72 Mo. 548. (2) The letters of administration to Chas. S. Rankin, on the estate of David Bryant, were competent and material. It was

competent for plaintiff to show both that Rankin was
the administrator of Bryant's estate and that he acted
in the capacity of agent for the Bryant heirs in leasing
the lot to Frank and brother. (3) The quit-claim deeds
to plaintiff from the heirs of David Bryant were rightly
admitted in evidence. "Although the deeds were void,
so far as the married women were concerned, to convey
their property, still they were sufficient to enable plain-
tiff to maintain ejectment, although the deeds were not
so acknowledged to convey the title of the wife." *Bry-
ant v. Wear*, 4 Mo. 106; *Allen v. Ranson*, 44 Mo. 263;
*Beal v. Harmon*, 38 Mo. 439. A defective acknowledg-
ment can only be taken advantage of by a purchaser.
(4) In any event, plaintiff was entitled to judgment for
two-fifths of the lot. · A quit-claim deed conveys all the
grantor's title. *Mann v. Best*, 62 Mo. 491; *Fox v. Hall*,
74 Mo. 315; *Stevens v. Horne*, 62 Mo. 473; *Welch v.
Dutton*, 79 Ill. 465. (5) Appellants have no title by virtue
of an adverse possession on their part. Where title is
claimed under an adverse possession, originally obtained
through a fiduciary relation existing between the tenant
and the owner of the land, the change in the possession
from friendly to an adverse one, must in some way be
brought to the knowledge of the real owner. ˙ *Hamilton
v. Boggess*, 63 Mo. 249; *Pratt v. Canfield*, 67 Mo. 53.
(6) It is well settled that a tenant cannot dispute the
title of his landlord. Taylor's L. & T. [6 Ed.] secs. 629,
705, 707; Bigelow on Estoppel [2 Ed.] 348 *et seq.;* Her-
man on Estoppel [1 Ed.] 365; *Staggs v. Eureka T. & C.
Co.*, 56 Mo. 317; *Higgins v. Turner*, 61 Mo. 249; *Silvey
v. Sumner*, 61 Mo. 253; *Pratt v. Canfield*, 67 Mo. 53.
(7) Defendants, Albert, holding under Frank, occupy
the same position that he did, and cannot set up a claim
which he could not have made. Tyler on Eject. & Adv.
Enj. [1 Ed.] 166; Herman on Estoppel [1 Ed.] secs. 361,
362, 364; *Merchants Bank v. Calvin*, 60 Mo. 559; *Pratt
v. Canfield*, 67 Mo. 53. (8) So far as the letters offered

in evidence are concerned, it is reasonable to infer that they were all written to the same party, C. S. Rankin, who was the administrator of the estate of David Bryant, deceased, and the husband of one of the heirs, although two of them are addressed to E. S. Rankin. They all relate to the same subject matter.

SHERWOOD, J.—On December 22, 1880, plaintiff brought ejectment for a certain lot in the city of Cape Girardeau, and on trial had recovered judgment for the premises in question. David Bryant was the source of title of plaintiff, and plaintiff's evidence showed title in Bryant, derived from the government through *mesne* conveyances, Bryant's immediate grantor being Joseph Andrews by deed dated May 12, 1812. On the same day the land was "*mortgaged*" to Joseph Andrews to secure, as it seems, the payment of the purchase money, three hundred and fifty dollars.

It is scarcely necessary to discuss the sufficiency of the certificate of acknowledgment of the officer to a deed made in 1819 by Joseph Andrews and wife, to David Bryant, whereby the mortgage aforesaid purports to be released, and the land re-conveyed to Bryant, for the reason that, leaving that instrument out of consideration, the title in Bryant is still perfect, as the mortgage will be presumed to be satisfied after the lapse of twenty years, nothing to the contrary thereof appearing. *Chouteau v. Burlando*, 20 Mo. 482 ; *Cape Girardeau v. Harbison*, 58 Mo. 90. But if there is any defect in the certificate it is cured by virtue of sections 2305, 2306, Revised Statutes, since the deed has been of record since 1824. So that taking either view of the point, the title in Bryant, the ancestor, was indisputable.

Then followed evidence showing the death of Bryant, and who his heirs were, and that among the grantors in those deeds were those heirs. As to two of those heirs the deed, if otherwise sufficient, undoubtedly

passed the title of these heirs to the plaintiff, the certificates of acknowledgment being good. As to the other grantors, some of the heirs and their husbands, the certificates of acknowledgment are plainly lacking in statutory requirements in so far as concerns the wives; but, notwithstanding this, inasmuch as the *femes covert* were seized of this land as heirs of their father, David Bryant, if seized at all, long before what is known as the "Married Woman's Act" (R. S., sec. 3295) went into operation, the deeds of their husbands would be sufficient to pass to the plaintiff whatever rights such husband had to the land, whether during the joint lives of the husband and wife, or whether a greater interest in the lands, by reason of the husband being tenant by the curtesy initiate, in consequence of which the title of the plaintiff may become good during the life of the husband if he should survive his wife. *Hall v. Stephens*, 65 Mo. 670.

Cases where the wife is seized of land as at common law, and cases where she is seized of land under the married woman's act are not at all analogous in their incidents and consequences. In the former class of cases the husband is as unfettered in his conveyance of whatever interest he has in his wife's land as he was at common law; in the latter class, he can only convey in the mode pointed out in the statute, section 3295. Or, as is said in *Hord v. Taubman*, 79 Mo. 101, "In a conveyance made under the provisions of the statute of the fee of the wife, the title can only be transferred as an *indivisible integer* or not all." Counsel on either side do not appear to apprehend this distinction; it is a very marked one, and is pointed out in *Mueller v. Kaessman*, 84 Mo. 318, and cases cited. If in the case at bar the wives were seized under the act referred to a very different question would be presented here. It follows from what has been said that if the conveyances to plaintiff were of any validity he became seized of two-fifths of the title of the premises absolutely, and this

would authorize a recovery by him *pro tanto*, and if these conveyances were otherwise valid, as to the husbands, as they undoubtedly were, so far as regards the certificates of acknowledgments, he also became entitled to whatever marital interest the respective husbands possessed in the three-fifths of the land ; and this, in connection with the two-fifths interest aforesaid, would authorize a recovery by plaintiff of the possession of the entire lot in suit.

But it is claimed that the deeds *in form* are insufficient to pass the title to plaintiff, for that they are *mere quit-claim deeds*, simply employing the words "*remise, release, and forever quit-claim.*" In New York, then possessing a statute of uses similar to our own, it was ruled that such words as those I have mentioned will raise an use by way of bargain and sale, which, by force of the statute of uses, becomes operative to pass the title. *Jackson v. Burgot*, 10 Johns. 456. And in the same case it was also ruled that no precise technical words are requisite to raise an use ; that if the words amount to a present contract of sale or bargain a trust is instantly raised on which the statute operates. And in the same case it was also ruled that the words "*release and assign* " were operative words of conveyance equally efficacious in accomplishing the same result. To the same effect see *Platt v. Brown*, 30 Conn. 336.

In *Hunt v. Hunt*, 14 Pick. 374, where the effect of a quit-claim deed was being discussed, Shaw, C. J., observed : "Courts of law have gone very far in modifying the rules of conveyance, both those of the common law and those which have their effect from the statute of uses, so as to give effect and operation to the deeds of parties rather according to the manifest intent than according to the force of the particular words used to effect the conveyance. So that, where it is manifest from the efficient words of conveyance used, that it was intended and understood that the estate should pass in one way

as by feoffment, bargain and sale, covenant to stand seized, or release, but some of the circumstances are wanting, which by the rules of law are necessary to pass the estate in that form, and it cannot so pass, yet if all the circumstances exist which are sufficient to pass the estate in another form * * * the court will construe it to be a conveyance of such form, notwithstanding the words used are not properly adapted to that purpose, so as to give it effect, and cause the estate to pass." And in *Doe v. Reed*, 4 Scam. [5 Ill.] 117, it was ruled that a deed of release and quit-claim containing no words of sale or conveyance is as effectual in transferring the title to land as a deed of bargain and sale. And in *Roe v. Tranmer*, 2 Wils. 75, it was ruled that words of release may operate as a grant, etc. See, also, *Fash v. Blake*, 38 Ill. 363: *Eckman v. Eckman*, 68 Pa. St. 400; *Anglade v. St. Avit*, 67 Mo. 434, and cases cited; Martindale on Conveyances, section 59. For these reasons the quit-claim deeds must be held to contain sufficient operative words of conveyance.

I am thus brought to consider the point whether the Bryant heirs were barred by the statute prior to suit brought. There were no declarations of law asked or refused and no points saved for review on that subject. On what theory the court tried the cause, it is impossible to determine. And it has been the custom of this court in such cases to refuse to interfere. *Durel v. Masterson*, 50 Mo. 487; *McEvoy v. Lane*, 9 Mo. 47; *Von Phul v. City*, 9 Mo. 48. But notwithstanding this it has been frequently ruled by this court that, while it will not weigh the evidence in law cases, yet that it will interfere when there is no evidence whereon to base the verdict, although no instructions are asked. *Hart v. Leavenworth*, 11 Mo. 629; *Robbins v. Phillips*, 68 Mo. 100; *Pipkin v. Allen*, 24 Mo. 520; *Heyneman v. Garneau*, 33 Mo. 565; *Morris v. Barnes*, 35 Mo. 412; *McEvoy v. Lane, supra*. And it has also been ruled by

this court that it will review the action of the lower court where exceptions are saved on points of law other than the giving or refusing of instructions. *Von Phul v. City, supra ; Smith v. St. Francois County*, 19 Mo. 433 ; *Silvey v. Summer*, 61 Mo. 253 ; *Cunningham v. Snow*, 82 Mo. 587. On looking into the evidence, however, for the purpose of ascertaining whether there is evidence on which to base the finding in favor of plaintiff, I encounter no difficulty. There is evidence tending to show that the possession of the locus by Albert was not a continuous one for the requisite statutory period ; the weight of that evidence, of course, does not concern this court. And as to the possession of Frank not being adverse to Bryant's heirs, this is established, while he was in possession of the lot, by his declarations to Ivers ; and such declarations are competent evidence as explanatory of the character of his possession ; (1 Glf. Evid., sec. 109 and cas. cit.) and these declarations being in disparagement of the title of the declarant, are not only admissible against the declarant, but against those claiming in privity with him. *Ib.* sec. 189 and cases cited ; *Darrett v. Donnelly*, 38 Mo. 492 ; *Morey v. Staley*, 54 Mo. 419 ; *Burgert v. Borchert*, 59 Mo. 80. And the letters written by I. R. Wathen to Rankin, the administrator of Bryant's estate, since deceased, in relation to leasing the property to Frank, were also competent evidence and part of the *res gestae ;* and taken in connection with the testimony of Ivers showed that Frank was a mere tenant of Bryant's heirs. This being the case the title of Frank, acquired by Albert at trustee's sale, was valueless, and Albert stood in Frank's shoes ; and could only base his claim on his own adverse possession ; but on this point the court, as already stated, found in favor of plaintiff, and this finding, having evidence to support it, must be held conclusive.

The only point remaining for discussion is whether

the court erred in refusing to let plaintiff answer the question whether, since the beginning of the suit, he had surreptitiously obtained possession of the premises. There was no error in such refusal; this is apparent for two reasons: Such a possession thus obtained would be void in law, and in legal contemplation no possession at all. And the defendants having in their answer stated that they themselves were in possession of the lot could not be allowed to contradict the allegations of their own pleadings. *Bruce v. Sims*, 34 Mo. 246 ; *Capitol Bank v. Armstrong*, 62 Mo. 59 ; *Weil v. Posten*, 77 Mo. 284 ; *Kuhn v. Weil*, 73 Mo. 213. Besides, in any event, the admission of the offered testimony could not have affected the determination of the question in issue, whether the plaintiff, upon the facts proven, was entitled to recover, and if error, if any, was committed in this regard it was wholly immaterial.

Finding no error in the record the judgment should be affirmed. All concur.