## WHITMORE v. CRAWFORD *et al., Appellants.*

### DIVISION ONE.

**Practice:** FAILURE OF PROOF: EJECTMENT. Where, in an action of ejectment, the plaintiff fails to offer any evidence of title in himself, and the trial court refuses to grant a new trial upon the ground that there is no evidence to support the verdict, the judgment in plaintiff's favor will be reversed upon appeal.

*Appeal from Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*Blair & Marchand* for appellants.

*O. D. Jones* for respondent.

BRACE, J.—This is an action in ejectment to recover a lot in the town of Hurdland in Knox county. The plaintiff obtained judgment, and defendants appeal.

George M. Janes is the common source of title. The plaintiff to show title in himself introduced a warranty deed from said Janes and wife to Milton B. Crawford duly executed, acknowledged and recorded, and dated August 20, 1883. The record of a judgment rendered by the circuit court of Knox county on the seventh of June, 1884, is in favor of H. R. Whitmore & Co. against the said Crawford for the sum of $300. And (over the objections of defendants) a deed from the sheriff of said county to *Henry R. Whitmore*, made on a sale under an execution issued upon said judgment, to the lot in controversy. And this was all the evidence of title introduced by the plaintiff. The record contains no evidence of a deed from Henry R. Whitmore to the plaintiff, William D. Whitmore, or any evidence

of any title whatever in plaintiff to the lot in contro-versy.   The trial court erred in refusing to sustain the defendants' motion for a new trial on the ground that there was no evidence to support the verdict, and for this error the judgment must be reversed, and the cause remanded for new trial.   *Avery v. Fitzgerald*, 94 Mo. 207; *Robbins v. Phillips*, 68 Mo. 100 ; *Wilson v. Albert*, 89 Mo. 537 ; *Morris v. Barns*, 35 Mo. 412 ; *Heyneman v. Garneau*, 33 Mo. 565 ; *Hartt v. Leavenworth*, 11 Mo. 630. ·