# CASES

# SUPREME JUDICIAL COURT,

# COUNTY OF LINCOLN,

### ARGUED AT MAY TERM, 1843.

INHABITANTS OF CUSHING *versus* WELLINGTON GAY & *al.*

*Writs of certiorari* are grantable only at the discretion of the Court; but this is a legal discretion, to be exercised according to the rules of law.

If the petitioner for the writ is aggrieved by a proceeding clearly erroneous, and to his injury, he should not be denied a remedy; but if the error is merely matter of form, and the exception is purely technical, it would be no violation of essential rights, if the Court should withhold its interference.

And if the error complained of exists, yet if it in nowise operates to the injury of the party seeking a remedy, although it may to some person who does not complain, the Court may, in such case, with entire propriety, and in the exercise of a sound legal discretion, refuse its aid.

In laying out the road, the Commissioners must necessarily be more precise in designating the *termini* of the road laid out, than is required in a petition to have it laid out; and therefore, where they may not appear identical on the record, they may be presumed to be the same, in the absence of proof to the contrary.

The Stat. of 1832, c. 42, (Rev. Stat. c. 25, § 3,) requires that the County Commissioners should make a return with their doings, " with an accurate plan or description of said highway," to " the regular session of said County Commissioners' Court, to be held next after such proceedings shall have been had and finished;" but does not require that the plan should be made and their proceedings finished and returned to the regular term next following their viewing and laying out the road.

Cushing *v.* Gay.

If the commissioners name the persons considered to have sustained damage by the location of the highway, and say that no other person has sustained damage thereby, it is no sufficient cause for granting a *writ of certiorari,* if it should be made to appear, that the road passed over lands of others not named.

It is not necessary that it should appear of record, as preliminary to further proceedings, that the County Commissioners first adjudicated upon the ability of the petitioners to pay the expenses which might become payable by them. The provision of the statute on that subject is merely directory, and the omission does not render the proceedings of the commissioners in laying out the road void.

It is sufficient, if the County Commissioners adjudge the road laid out to be, "*of convenience and necessity,*" omitting the word, "*common,*" found in the statute preceding the word *convenience.*

THE inhabitants of Cushing presented a petition, praying that a writ of *certiorari* might issue, and that thereupon the proceedings of the County Commissioners, in locating a public highway in that town, might be quashed. The petition for the road was entered at the July Term of the Commissioners' Court, 1833, and notice ordered. It was continued until January Term, 1834, when " the County Commissioners made return of their doings under their hands and ordered the same to be recorded." The return is then recited, from which it appears, that the respondents petitioned " for a new highway from Thomas Jameson's in Cushing, by Harrison Brazier's and Thomas Smith's to the house of Rufus B. Copeland in Warren." The report states, that " the County Commissioners have viewed the route for the highway mentioned in said petition, and heard the parties interested in the prayer thereof and their witnesses, and having considered the same, have adjudged, and do adjudge, that said highway is of convenience and necessity."

The highway laid out was described as " beginning on the west side of the town road and on the north side of the road leading to the said Rufus B. Copeland's barn in Warren," and continued by courses, distances and monuments " to the guide board at Wentworth's corner, so called, in Cushing." The Commissioners estimated damages to certain persons named, and then say : "And the County Commissioners do not consider

that any other person is damaged in his property by reason of the location of said highway."

*Ruggles,* for the petitioners, made five objections to the regularity of the proceedings of the Commissioners. They are mentioned in the opinion of the Court.

In his argument on the third objection, that the names of most of the persons over whose land the road was established, were wholly omitted, he cited *Commonwealth* v. *Coombs,* 2 Mass. R. 491; *Commonwealth* v. *Great Barrington,* 6 Mass. R. 492; *Durell* v. *Merrill,* 1 Mass. R. 411.

In support of his argument on the fifth objection, that the County Commissioners did not adjudge the highway to be of " *common* convenience and necessity," he cited *Pownal,* Petrs. 8 Greenl. 271; *Commonwealth* v. *Egremont,* 6 Mass. R. 491; *Commonwealth* v. *Cummings,* 2 Mass. R. 171.

*J. S. Abbott,* for the respondents, contended that the writ of *certiorari* was not a writ to be sued out at the pleasure of the party, but to be granted or refused at the discretion of the Court; and will not be granted, unless upon the hearing it be made to appear, that there are such errors and defects as would authorize the Court to quash the record, and that substantial justice requires it to be done. 11 Mass. R. 417; 8 Maine R. 292. He contended that it was the duty of the applicants to make out their case in both those respects, and replied to each of the positions taken for the petitioners, and insisted that neither furnished sufficient ground for granting the writ.

The opinion of the Court was by

WHITMAN C. J.— The petitioners complain of certain irregularities, which they allege to have taken place in the location of a highway through the town of Cushing; and claim on account thereof, to have the proceedings of the County Commissioners reversed.

Writs of *certiorari,* it has been held, are grantable only at the discretion of the Court, and are not allowed " *ex debito justitiæ.*" Discretion however, when exercised by a court,

does not mean precisely what the word in common parlance, may seem to import. A legal direction is implied; a discretion to be exercised according to the rules of law. If the rights of a party have been infringed to his detriment, by the erroneous doings of an inferior tribunal, he may justly claim redress; and it will be the duty of a court to afford it to him. It is not the province of the Court to undertake to presume, that it would be wiser for him to submit to the injury, or to conjecture that the public interest would be better promoted by an adjudication against him, and therefore that it would not be discreet to relieve him. If the petitioners are aggrieved by a proceeding clearly erroneous, and to their injury, they must not be denied a remedy. But if the error is merely in matter of form, and the exception purely technical, it would be no violation of their essential rights, if the Court should withhold its interference. Again, if the error complained of exists, yet, if it in nowise operates to the injury of the party seeking a remedy, although it may be otherwise to some person who does not complain, the Court may, in such case, with entire propriety, and in the exercise of a sound and legal discretion, refuse its aid.

The first error complained of is, that the *termini* of the road, as laid out, are not the same as designated in the petition. This does not appear of record. For aught the Court can know they may be identical. The Commissioners may have given names to the *termini* different from those contained in the petition, and yet they may be, to a common intent the same. The petition was for a road from the house of Thomas Jameson to the house of Rufus Copeland. No one would understand, when a public highway is prayed for, with such a description, that the two ends of the road were to butt against those two dwellinghouses. It would be obvious that it was near to those houses, which must be understood to have been in the contemplation of the petitioners. In laying out the road the Commissioners must necessarily be more precise, and designate monuments exactly at the *termini* of the road. These might be of their own erection. The *termini* of the

road in this case, are described by the Commissioners as being, at one end, at the junction of two roads, one of which went to Rufus Copeland's barn ; and, at the other, at the guide board at Wentworth's corner, in Cushing. These *termini* we may presume, in the absence of proof to the contrary, were substantially identical with those named in the petition.

It is next objected that the Commissioners did not make return of their doings at the term next after the performance of the service. The statute (1832, c. 42,) provides that "they shall make a correct return of their doings, under their hands, with an actual plan or description of said highway or common road, so laid out, altered or discontinued, to the regular session of said County Commissioners' Court, held next after such proceedings shall have been had and *finished*." The Commissioners returned, that they had, on the twenty-fourth of July, 1833, met and heard the parties, and viewed the route for the highway ; and having adjudged it to be of *convenience* and *necessity*, had laid it out. In this recital they speak in the past tense. The statute, it will be perceived, requires "that they shall make a correct return of their doings, with an accurate plan or description of said highway." Precisely when this part of the service was performed, does not appear. It was after the said twenty-fourth of July, as they speak of their doings then in the past tense. Time was doubtless requisite to prepare an accurate return and plan, subsequently to the view and laying out ; and these might not have been "*finished*" until after the term next following the location of the road ; and until finished, could not have been presented or recorded. We cannot regard it, therefore, as apparent, that the report and plan were "finished," and in readiness to become a matter of record, earlier than the term at which it was presented.

Again, it is said that the return does not name some of the persons, over whose land the road passes, and that this is an error ; and the Court so decided in *Commonwealth* v. *Great Barrington*, 6 Mass. R. 492. But the statute does not, in terms, require any thing of the kind. It requires that dam-

ages shall be awarded to such as may sustain any; and this the Commissioners, naming the individuals, and specifying the amount of damage in each case, say they have done; and it is not very clearly apparent to us how it can be essential "that they should have designated by name the other individuals, over whose land the road passes. Why the return, that no other individuals had sustained damage, should not be sufficient, we do not readily perceive. The reason assigned for the decision is, that the individuals are entitled to a process, in the nature of an appeal from the decision of the County Commissioners. But how are they abridged of this right by not being individually named in the return? The statute does not make their right to such process dependent upon their being so named. The decision, however, took place upon the return of a writ of *certiorari*. When a *certiorari* is allowed and returned, such errors as are apparent in the record, must be allowed to avail the plaintiff therein. And there was in that case a more palpable error, which might well have occasioned the granting of the *certiorari*. The case before us is an application for such a writ. And it is proper that we should inquire whether the petitioners are aggrieved by the error complained of. The individuals, it seems, whose interests were directly involved, have rested contentedly for eight or ten years, without complaint. And how can the interest of the petitioners be affected by the omission? If they cannot be affected by it, why should we, in the exercise of a sound discretion, allow them, by the process prayed for, to place us in a situation in which we might be compelled, without looking to see whether they were interested or not, to quash the proceedings of the County Commissioners.

It is still objected, that the County Commissioners had not taken certain preliminary steps, without which they could not legally have proceeded to lay out the road. The provisions upon which this objection is founded, are contained in the 1st and 5th sections of the act of 1832, c. 42. The first section provides, that " said Commissioners, or a majority of them, upon receiving satisfactory evidence, that the petitioners are

responsible, and that they ought to be heard touching the matter set forth in their petition, shall proceed to view," &c. and the 5th section is, " that whenever the County Commissioners shall decide against the prayer of any petition, they shall order the petitioners to pay into the county treasury all expenses incurred by the county by reason of said petition, and expenses incurred thereon, and, unless the same be paid within a reasonable time, shall issue their warrant of distress against said petitioners." It is contended that it should appear of record, as preliminary to further proceedings, that the County Commissioners first adjudicated upon the ability of the petitioners to pay the expenses, which might become payable by them, as provided in said fifth section. But we regard the provision of the statute, in this particular as directory merely; and do not think, if such adjudication should not appear of record, that it would render the after proceedings void; and at any rate that it affords the petitioners no right to question the doings of the Commissioners in laying out the road.

The Commissioners are not affected in their pecuniary interests, otherwise than is every other citizen of the county, whether they inquire into the ability of the petitioners or not. They receive their compensation from the treasury in any event.

But there remains still another objection; and one attended undoubtedly with some difficulty. The statute requires the Commissioners, before proceeding to locate a road, to adjudge that it is of common convenience and necessity; and it has often been adjudged that the want of a preliminary adjudication, that the road prayed for is of common convenience *or* necessity, is fatal to the laying out of a highway. It is always safest, and advisable to follow the language of the statute in such cases. Omissions to do so are often productive of perplexity, and always attended with danger. In civil and remedial proceedings, however, it is not always necessary to do so. If language tantamount be used it may suffice. The Commissioners in this case adjudged the road to be of convenience and necessity, omitting the word common. Do the words

convenience and necessity here comprise the same meaning as if the word common were prefixed? The County Commissioners have no power, (except in reference to applications in the nature of appeals from the refusal by a town or its selectmen to locate town or private ways,) to lay out or alter other than public highways. And when they do lay out a highway we may well suppose, that they must have considered it necessary that it should be done. And if it be necessary that it should be done, it must be because it will be of convenience to the public, that is, of common convenience. A road cannot be necessary without being a convenience.

Necessary seems to include convenience, and something more, viz. a convenience that is indispensable. Does the addition of the word common, to the word convenience, add to the meaning, beyond what the word necessary embraces? If it must be a highway, which is to be laid out, and if it be necessary, it cannot be otherwise than of a common convenience. To speak of a public highway (and the Commissioners are authorized originally to locate none other,) without its being common, or of common convenience to every citizen, is almost, if not quite, an absurdity in terms. If, then, necessity requires the location of a highway, it must be both common and convenient. An elucidation upon this point may be derived from the fact, that, under the statutes of Massachusetts and of Maine, until 1832, instead of common convenience *and* necessity, the road prayed for was to be adjudged to be of common convenience *or* necessity; evidently using the words common convenience and the word necessity as convertible terms, and of equivalent import. We think, then, that adjudging the road to be of convenience and necessity is tantamount to adjudging it to be of common convenience and necessity; and that in this there was no error.

There are a number of facts, stated by the counsel for the petitioners, upon which he predicates a portion of his argument, which do not appear of record, and of which, from any legitimate source, the Court are wholly uninformed, and of course

the considerations suggested relative thereto, must be laid out of the case.

The result on the whole is, that the petition must be dismissed.