PERRYMAN ET AL. *vs.* THE STATE, TO USE OF RELFE, ADMINISTRATOR, &c.

1. A justice of the peace, in certifying transcripts from his docket, may embrace several judgments in one certificate, and it will not be necessary to certify each judgment separately.

2. A judgment which is voidable only, cannot be questioned in a collateral proceeding. It will stand good until reversed on appeal or writ of error.

3. The return of a constable on a writ is only *prima facie* evidence of the truth of the facts therein contained.

ERROR to Washington Circuit Court.

NAPTON, J., *delivered the opinion of the Court.*

This was a suit instituted in the name of the State, to the use of James H. Relfe, administrator of M. T. Hunter, deceased, against the plaintiffs in error, upon the official bond given by Perryman and his securities, for the faithful discharge of his duties in the office of constable of Bellview township. The breaches assigned in the declaration were, first, that Mary Hunter, then administratrix of the estate of the said Matthew T. Hunter, on the 7th March, 1840, recovered a judgment against one McGuire for one hundred and fifty-five dollars and seventy-five cents, and on the 30th April, 1840, sued out execution, which was delivered to the constable, and said constable failed to levy according to the command of said writ; secondly, and thirdly, that two other judgments were

obtained before the same justice, and executions duly issued to the said constable, and he failed to levy on the property of defendant in the execution.

The defendants pleaded *nil debit*, and performance generally. The court, sitting as a jury, found the issues for the plaintiff, and assessed his damages at one hundred and ninety-two dollars. A motion for a new trial was made, and over-ruled, and the whole testimony was preserved by bill of exceptions.

The plaintiff offered in evidence the docket of D. Hanger, a justice of the peace, from which it appeared that three several judgments had been obtained by Mary Hunter, administratrix, as aforesaid, against one John P. McGuire, upon which judgments executions were issued, and returned, "Property levied on, but found not to be the property of the defendant, on the 23d May, 1840.

"D. E. PERRYMAN."

The executions themselves were not given in evidence; and it also appears, that each of the judgments were by default, and the service of the summons in each case was " by acknowledgment."

It was also proved, that about the first of May, 1840, McGuire, the defendant in the executions, was in the possession of two horses, worth one hundred dollars each, and the wood-work of a wagon worth thirty dollars, which horses and wood-work witness believed to be McGuire's. It was also proved, that whilst the executions were in the hands of Perryman, and had been levied on the property found not to belong to McGuire, he was directed by James H. Relfe to levy the same on the horses aforesaid, and that there was sufficient time, when such directions were given, for the constable to have levied on and sold the same before the return day of the execution.

To reverse this judgment, it is contended, on behalf of the plaintiff in error—

First, that the transcript of the justice's docket is not properly certified;

Second, that the judgments, being by default, and no sufficient service of process, were void;

Third, that the executions were not produced on the trial; and,

Lastly, that the return was sufficient, and the constable was not bound to levy on other property, after a levy had been made on sufficient property to satisfy the executions, and that property had been found not to be liable to the writ.

The only objection to the certificate of the justice is, that one certificate is made to embrace the three judgments, instead of a separate certificate to each judgment.

There appears to be nothing in this objection. No reason has been given why the justice may not certify to the contents of three pages of his docket, as well as one.

With regard to the second objection, a distinction must be observed between judgments which are erroneous, and therefore voidable, and judgments which are absolutely void. If the defendant had no notice of the proceedings against him before the justice of the peace, the judgments were clearly void. But if notice was actually given, and the return of the constable established that fact, though the return might not be in conformity to the statute, the principle would not apply.

The party might have set aside the return in the justice's court, or, upon appeal, have reversed the judgment, but the judgment cannot be questioned in a

27

collateral proceeding. It is merely voidable, and must stand, until reversed by writ of error.

The third objection might have availed the plaintiff in error, had it been made in the Circuit Court. It appears, however, from the bill of exceptions, that no objection was made to the reception of any testimony on the trial. It has been repeatedly held by this Court, that objections of this character come too late, when made for the first time in this Court. Had the objection been made at the trial, the executions might have been produced.

In relation to the return of the constable, it is immaterial whether it was *prima facie* sufficient or not. Allowing it to be a legal return, it was at best only *prima facie* evidence of the truth of the facts therein contained. In this case the plaintiff did not rely on the insufficiency of the return, but proved that the defendant in the execution was in the possession of other property than that levied on, and that such property was pointed out to the constable, with directions for him to levy on the same. This evidence was amply sufficient to establish the liability of the constable.—Bell *vs.* The Commonwealth, 1 J. J. Marshall, 551.

Judgment affirmed. ·