EDWARD HOPKINS, petitioner for *certiorari*, *vs.* WILLIAM H. FOGLER and others.

*Writ of certiorari—the granting of—matter of judicial discretion. Unliquidated claim for damages—not to be appraised under R. S., c. 113, § 31.*

The granting of a writ of *certiorari* is a matter of judicial discretion; and it should never issue to quash the disclosure of a poor debtor for merely trivial or formal error, or when it is apparent that no injustice will be done by refusing the writ.

Thus, where a debtor has been imprisoned on execution, and released upon giving a bond approved in writing, by two disinterested justices of the peace and of the quorum, one of whom was chosen by the jailer for the creditor, and the other by the debtor, and it is apparent from the debtor's answers made before a tribunal formally organized to hear his disclosure, that, having no real or personal estate, the poor debtor's oath was properly administered to him; this court, in the absence of all proof upon the subject, will not, for the purpose of quashing proceedings otherwise regular, assume that the jailer chose the justice for the creditor before the latter had refused, or unreasonably neglected to choose one.

An action for damages for a malicious prosecution, prior to rendition of judgment thereon, is not an item of property within the meaning of R. S., c. 113, § 31, which should be appraised and set off to the creditor as provided in said section.

ON EXCEPTIONS.

PETITION for a writ of *certiorari* to quash the record of the proceedings in the disclosure of Asaph A. Carleton as a poor debtor.

It appeared that Carleton was arrested on an execution issued July 28, 1871, on a judgment recovered in favor of this plaintiff, and committed to jail in this county; that afterwards, on the 31st of said July, Carleton was released from imprisonment by giving a bond with two sureties approved in writing, as follows:

' Waldo, ss. We, the subscribers, two disinterested justices of the peace and of the quorum of said county, do approve the sureties named in the foregoing bond.

| Chosen by the jailer for creditor, | WM. H. FOGLER, | Justices of the peace and quorum.' |
|---|---|---|
| Chosen by debtor, | W. P. HARRIMAN, | |

That on Aug. 1, 1871, Carleton made his application in writing, to a justice of the peace, claiming the benefit of the oath authorized in R. S., c. 113, § 30, and the justice appointed a proper time and place; that at the time and place designated, Carleton appeared and selected W. H. Fogler, Esq., and Hopkins selected Joseph Williamson, Esq., two disinterested justices of the peace and quorum, who organized themselves into a court. Thereupon the creditor objected to any further proceedings being had in the disclosure, for the alleged reason that the bond given by the debtor was not approved, as required by c. 113, § 24; that not having given such a bond, he could not avail himself of § 26, and that the justices had no jurisdiction.

This objection was overruled by the justices.

It further appeared that the debtor disclosed,

That he had no real or personal estate nor interest in any except what is exempted from attachment and execution; that since any part of the debt or cause of action accrued, he had not directly or indirectly sold, conveyed, or disposed of, or intrusted to any person any of his real or personal property to secure it or receive any benefit from it to himself or others, with intent to defraud any of his creditors; and that he had not under his control any bank-bills, notes, accounts, bonds, or other contracts or property, not exempted from attachment, which cannot be come at to be attached.

He also disclosed a claim for damages against one Morton, of Frankfort, in this county, for $1,500 for malicious prosecution, which claim was sued and then pending in the supreme judicial court for this county.

The creditor contended that this claim should be appraised by the justices, and enough of it to satisfy the debt, cost, and charges set off to the creditor, the debtor not agreeing to apply any part of the same towards said debt.

The justices, not agreeing whether such appraisal and assignment ought to be made, selected a third disinterested justice of the peace and quorum for this county, whereupon a majority of the justices decided that such appraisal and assignment ought not to be

made; and thereupon, after the debtor had signed and made oath to the truth of his disclosure, they administered to the debtor the oath prescribed in § 30.

The presiding judge, at *nisi prius*, ruled that the writ prayed for be denied; and the petitioner alleged exceptions.

*T. W. Vose*, for the petitioner.

*W. H. McLellan*, for the respondents.

APPLETON, C. J. This is a petition for a writ of *certiorari* to quash the record of the proceedings on a poor debtor's disclosure.

The record shows that the creditor, after being notified, chose one of the magistrates; that after objecting to their jurisdiction his attorney proceeded to examine the debtor, and that from his answers it is apparent that having no real nor personal estate he was properly permitted to take the poor debtor's oath.

The granting or the refusal to grant the writ of *certiorari* is a matter of judicial discretion. The writ should never issue when proceedings are sought to be quashed for merely trivial or formal error, or when it is apparent no injustice will be done by not permitting it to issue.

The objection is taken that the debtor, being imprisoned in jail, 'had not given the bond required by R. S., c. 113, § 24, said bond never having been approved by the creditor in writing, nor by two or three justices of the peace and of the quorum in writing selected, and proceeding as in c. 113, § 42, and that therefore, said debtor was not legally released from his said imprisonment.'

If not legally released, it is obvious that the plaintiff has his remedy against the jailer for any illegal action on his part.

But the bond is approved by two justices of the peace and quorum, one of whom was chosen by the jailer for the creditor and one chosen by the debtor. By § 42, in case of a refusal or of unreasonable neglect on the part of the creditor to choose a justice, he may be chosen by the officer who has the debtor in charge, etc. The bond being approved by a justice chosen by the person hav-

ing the debtor in charge, and there being an entire absence of proof on the subject, we will not assume the action of the jailer unlawful for the purpose of quashing proceedings otherwise regular.

The second objection taken is, that the justices did not appraise a claim for malicious prosecution, which the debtor had against one Selden Morton, and on which he had commenced a suit in which damages to the amount of $1,500 were claimed, to be gnedassi and delivered by the debtor to the creditor, and applied towards the satisfaction of his demand.

It would, undoubtedly, be a matter of great difficulty to appraise the cash value of a claim for malicious prosecution, the damages for which are to be assessed hereafter by a jury upon evidence of which the magistrates are not shown to possess any knowledge. But the statute imposes no such duty upon them. By § 31, when the ' debtor possesses or has under his control any bank-bills, notes, accounts, bonds, or other contracts or property, not exempted by statute from attachment, which cannot be come at to be attached,' then, in a certain contingency, ' the justices, hearing the disclosure, shall appraise and set off enough of such property to satisfy the debt, cost, and charges,' etc. But it is manifest that an unliquidated claim for damages for a malicious prosecution, the amount of which is unascertained and unascertainable by the magistrates, is not an item of property within this section, which they are to appraise and set off, in whole or in part, to satisfy the debt, cost, and charges.

It was held in Massachusetts that a claim against a railroad for an injury to the person does not pass by an assignment of his estate under their insolvent laws before the recovery of judgment. *Stone* v. *Boston & Maine Railroad*, 8 Gray, 539. ' An action for damages to the person is not property, nor a right of property, nor a debt, until it is reduced to judgment; and then,' say the court, ' it passes, because it has assumed the form of a debt.' So, in the case of *McGlinchy* v. *Hall*, 59 Maine, 152, it was decided that a

suit for personal damages for an assault was not assignable until judgment was entered up.       *Writ denied.*

CUTTING, KENT, WALTON, DICKERSON, and BARROWS, JJ., concurred.