## FRY, Appellant, v. ARMSTRONG, Respondent.

St. Louis Court of Appeals, February 7, 1905.

1. **JUSTICES OF THE PEACE: Jurisdiction: Irregularity: Defective Service.** A judgment rendered by a justice of the peace on the service of summons had less than ten days before the return day, as required by section 3862 of the Revised Statutes of 1899, is not void for want of jurisdiction, but merely irregular.

2. ———: ———: °Certiorari. Certiorari is the appropriate remedy where an inferior tribunal acts without jurisdiction or in excess of its jurisdiction, but mere errors of an inferior tribunal can not be reviewed on certiorari.

3. ———: ———: ———. The writ of certiorari will not be issued merely for the reason that the court to which application is made has superintending control over the inferior tribunal.

4. ———: **Defective Service: Certiorari.** A judgment rendered by a justice of the peace within less than ten days from the service of summons is not reviewable by a writ of certiorari to the circuit court because the defendant had an adequate remedy by appeal.

Appeal from Louisiana Court of Common Pleas.—*Hon. David H. Eby, Judge.*

AFFIRMED.

*Ball & Sparrow* for appellant.

(1) The first question to be solved is the judgment so rendered by said justice void or voidable. Black on Judgments, vol. 1, sec. 170, says that a void judgment "is a mere nullity" and "is attended by none of the consequences of a valid adjudication" nor can it affect, impair or create rights. (2) On the other hand Black says in same volume and section that "a voidable judgment is one which, though not a mere nullity, is liable to be made void when a person who has the right to proceed in the matter takes proper steps to have its invalidity declared." Until that is done it will be efficacious as a claim, an estoppel, as a source of title. 1 Black on Judgments, sec. 170; Leonard v. Sparks, 117 Mo. 103, 22 S. W. 899; Westmeyer v. Gallenkamp, 154 Mo. 34, 55 S. W. 231. (3) From the foregoing authorities the conclusion is that the judgment, rendered by said justice was and is good until defendant takes the proper legal steps to have it set aside, until then it is good. Railroad v. Young, 96 Mo. 39; State ex rel. v. Blakemore, 40 Mo. App. 419; State ex rel. v. Shelton, 154 Mo. 693, 55 S. W. 1008; State ex rel. v. Smith, 101 Mo. 174, 14 S. W. 108; State ex rel. v. Edwards, 104 Mo. 125, 16 S. W. 117; State ex rel. v. Mayor, 57 Mo. App. 198.

*E. E. Campbell* and *Pearson & Pearson* for respondent.

(1) Having availed himself of this judgment in his plea of *res adjudicata* to defeat a new action, appellant can not now attack the judgment of April 9, 1903. After escaping a judgment on this same account on proper service by pleading this judgment of April 9, 1903, he is now estopped from denying it. (2) Certiorari can not be substituted for appeal. State ex rel. v. Shelton, 154 Mo. 154, 55 S. W. 1008.

BLAND, P. J.—The following, taken from appellant's abstract, is a clear and full statement of the facts:

"This is an application for a writ of certiorari presented to the Louisiana Court of Common Pleas May 23, 1904.

"The H. W. Crooker Shoe Company is a nonresident corporation. On the thirty-first day of March, 1903, the H. W. Crooker Shoe Company instituted suit against relator, John C. Fry, for $249.20, before respondent, Henry J. Armstrong, justice of the peace of Buffalo township, Pike county, Missouri, and summons issued on said thirty-first day of March, 1903, and made returnable on the ninth day of April, 1903. Service was had upon relator March 31, 1903. On April 9, 1903, the respondent rendered judgment against relator, by default, for the full amount sued for. On the next day, April 10, 1903, the respondent, the justice of the peace, set said judgment aside and thereupon reinstituted suit for said H. W. Crooker Shoe Company against John C. Fry, relator. The latter suit finally found its way to the St. Louis Court of Appeals, and by the St. Louis Court of Appeals, both the justice and Louisiana Court of Common Pleas were reversed. On March 11, 1904, execution was issued by respondent, the said justice, based upon the judgment rendered by him April 9, 1903. Therefore, the relator presented his application for a writ of certiorari to the Louisiana Court of Common Pleas and the court caused the writ to be issued, and the respondent, in obedience to said writ, made his return, thereupon the court quashed the writ."

On this state of facts, two questions of law arise; first, can a justice of the peace render a valid judgment on a nine days' service of summons on the defendant or, in other words, is such a judgment void or voidable only? Second, is certiorari the proper remedy to correct or annul the judgment? As far back as Perryman v. State ex rel. Relfe, 8 Mo. 208, it was ruled

that a judgment obtained before a justice of the peace, when the constable's return to the summons showed actual notice was given the defendant, though the return might not be in conformity with the statute, the judgment was not open to collateral attack, not void; that the defendant might have set aside the return in the justice's court or upon appeal have reversed the judgment, and in Leonard v. Sparks, 117 Mo. 103, 22 S. W. 899, BARCLAY, J., speaking for the court, in an exhaustive opinion reviewing the authorities, said:.

"A broad distinction is to be drawn between cases where no service on defendant appears and those in which service is shown, but where it is in some respect deficient or irregular. In the latter cases, jurisdiction attaches, subject to be defeated by objections to the irregularity, interposed in season in some direct manner. In the former class, jurisdiction is not obtained, if the law requires service.

"Where the facts touching the acquisition of jurisdiction are fully disclosed, the principles of law governing liability to collateral attack are applied no less favorably to judgments of justices of the peace than to the adjudications of courts having more extensive powers."

We conclude that the judgment of the justice is not void for the reason that at least ten days' notice of the suit was not given the defendant, as required by section 3862, R. S. 1899, but for this reason it is irregular and, as was said in Perryman v. State ex rel. Relfe, supra, might have been reversed, had the defendant appealed. May he accomplish the same result by a writ of certiorari, is the second question for solution. As a general rule certiorari can not be substituted for appeal or writ of error. It may be used where appeal or writ of error does not provide adequate relief. [State ex rel. v. Shelton, 154 Mo. 670, 55 S. W. 1008; State ex rel. v. Guinotte, 156 Mo. 513, 57 S. W. 281.] This case does not come within the exception, for Fry

might have appeared before the justice and had the return set aside or he might have appealed from the judgment of the justice and reversed the judgment; he did neither, but slept upon his rights. Nor can I see that certiorari would afford the appellant the relief he prays for. It is the appropriate remedy where an inferior tribunal acts without jurisdiction or in excess of its jurisdiction (State ex rel. v. Shelton, supra), but the mere errors of an inferior tribunal can not be reviewed on certiorari. [State ex rel. v. Woodson, 161 Mo. 444, 61 S. W. 252.] The writ will not be issued merely for the reason that the court to which application is made has a general superintending control over the inferior tribunal, but only when it is made to appear that the latter tribunal has acted without jurisdiction or in excess of its jurisdiction. [State ex rel. v. Bland, 168 Mo. 1, 67 S. W. 580.] The justice had jurisdiction over the subject-matter of the suit and over the person of Fry by the imperfect service of notice upon him. The imperfection of the service of notice did not go to the question of jurisdiction but to the question of the regularity of the judgment. The judgment is erroneous, not because the justice did not have jurisdiction or acted in excess of his jurisdiction, but because of the imperfect notice to Fry. This error of the justice could only be corrected by an appeal, which Fry neglected to take.

The judgment is affirmed. All concur; Goode, J., on the ground that relator having previously pleaded the judgment of April 9th as a bar to a subsequent judgment, is estopped to now assert said judgment is void and on the further ground that in Crooker Shoe Co. v. Fry, said judgment of April 9 was ruled not to be void.